DAVID J. MICLEAN (SBN 115098)
LIMIN ZHENG (SBN 226875)
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310
San Mateo, CA  94402
Telephone:  (650) 684-1181
dmiclean@micleangleason.com
lzheng@micleangleason.com

Attorneys for Plaintiff
ASUSTEK COMPUTER, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSTEK COMPUTER, INC., | CASE NO. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| MICRO-STAR INTERNATIONAL CO., LTD., a Taiwanese corporation; and MSI COMPUTER CORP., a California corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMPLAINT

Plaintiff, ASUSTeK Computer, Inc. ("Plaintiff" or "ASUS") brings this Complaint against Defendants Micro-Star International Co., Ltd. ("MSI") and MSI Computer Corp. ("MSI USA," collectively with MSI, "Defendants"), and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**THE PARTIES**

1. ASUS is a Taiwanese corporation with its principal place of business located at 15, Li-Te Road, Peitou, Taipei 11259, Taiwan.

2. MSI is a Taiwanese corporation with its principal place of business located at No. 69, Lide Street, Zhonghe District, New Taipei City 235, Taiwan.

3. MSI USA is a California corporation with its principal place of business located at 901 Canada Court, City of Industry, California 91748.

**JURISDICTION AND VENUE**

4. This is an action for Lanham Act violations, false advertising, unlawful business practice, and unfair competition, arising under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and California statutes.

5. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1131 and 1338(a), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law claims as well as original jurisdiction under 28 U.S.C. § 1338(b), because the state-law claims are joined and interrelated with ASUS's federal trademark claims and arise from a common nucleus of operative facts such that the administration of the state-law claims with the federal claims furthers the interest of judicial economy.

6. This Court has personal jurisdiction over MSI and MSI USA by virtue of Defendants transacting and doing business in this judicial district and committing a tort in or directed at this judicial district. Defendants, among other things, offer for sale goods within this judicial district via an interactive commercial website, https://us.msi.com/, directed towards and available in this judicial district. Defendants ship their products, including infringing motherboards, to purchasers, resellers, and distributors in and from California, maintain a direct sales force in California, sell their products through retail outlets in California, and create specifications and advertisements for their products in and disseminates them from

California. As such, the infringing products are regularly sold in California, including within this judicial district.

7. Venue is proper in this judicial district pursuant to 28. U.S.C. § 1391 because Defendants conduct business within this judicial district and have engaged in, and continue to engage in, acts of advertising and offering retail goods and products to consumers located within this judicial district.

**INTRADISTRICT ASSIGNMENT**

8. Because this is an Intellectual Property Action, it shall be assigned on a district-wide basis under Civil Local Rule 3-2(c).

**GENERAL ALLEGATIONS**

**ASUS**

9. ASUS is a global technology leader and hardware electronics manufacturer engaged in, among other things, the design, manufacture, marketing, and sale of computer motherboards.

10. Since its inception in 1990, ASUS has researched, designed, developed, manufactured, and sold electronic products. As an innovator, ASUS has revolutionized the field and become widely recognized as an industry leader in motherboards, gaming peripherals, laptops, monitors, graphics cards, among others.

11. To promote and protect its innovations and business reputation, ASUS has obtained several federal trademarks, including "ASUS" and "REPUBLIC OF GAMERS."

12. On or about June 12, 2008, ASUS introduced and began marketing its motherboards as having a technology branded as "BIOS Flashback."

13. ASUS has spent great amounts of time, resources, and effort advertising and promoting the "BIOS Flashback" brand.

14. On June 11, 2013, ASUS obtained a federal registration for its "BIOS Flashback" trademark, U.S. Trademark Registration No. 4348428, covering International Class 009 and U.S. Classes 021, 023, 026, 036, and 038 types of goods and services that include motherboards, notebook computers, and graphic cards, among others (the "BIOS Flashback Registration"). A true and correct copy of the filing for registration listed above is attached hereto as **Exhibit A.**

15. ASUS has continuously used its "BIOS Flashback" mark in commerce since June 2008 and during all time periods relevant to ASUS's claims.

16. On January 23, 2019, following over 5 years of continuous use of its BIOS Flashback trademark in commerce since its federal registration, ASUS filed a Combined Declaration of Use & Incontestability under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 & 1065, which was accepted by the U.S. Patent and Trademark Office on March 13, 2019.

17. The BIOS Flashback Registration is valid and incontestable and constitutes prima facie evidence of ASUS's exclusive right to use the BIOS Flashback mark in connection with the products and services in the registration.

**Defendants' Willful Infringement**

18. MSI is a hardware manufacturer that develops, designs, makes, markets, distributes, and sells computer hardware and related goods and services, including motherboard products. MSI is a competitor of ASUS.

19. MSI USA is the United States subsidiary of MSI. MSI USA develops, designs, makes, markets, distributes, and sells motherboards and graphics cards, among others, for customers in the United States and worldwide.

20. MSI, based in Taiwan, controls U.S. marketing and advertising of its products, including motherboard products, through websites and other means operated by MSI USA, targeting U.S. consumers, and is responsible for distributing products sold to U.S. consumers.

21. In or about August 2018, Defendants began using the term "BIOS Flashback+" and, in some cases, the exact ASUS "BIOS Flashback" mark in promoting MSI's products.

22. Defendants are not authorized to use the "BIOS Flashback" mark, any colorable imitations or iterations thereof, any marks or names substantially indistinguishable therefrom, or any marks confusingly or substantially similar thereto, to describe their products.

23. Defendants have used the term "BIOS Flashback+" and, in some cases, the exact ASUS "BIOS Flashback" mark to market and promote their products on their own website, on social media (for example, at https://twitter.com/msitweets/status/1026090716995493890?lang=en), and through various third-party retailers.

3
COMPLAINT

24. Examples of Defendants' unauthorized use of ASUS's "BIOS Flashback" trademark are shown below:





25. The "BIOS Flashback" mark used by Defendants is identical to ASUS's registered "BIOS Flashback" mark.

26. The "BIOS Flashback+" mark used by Defendants is nearly identical to ASUS's registered "BIOS Flashback" mark.

27. At all relevant times, Defendants were aware of ASUS's proprietary interest in the distinctive and unique "BIOS Flashback" mark, but willfully and intentionally used ASUS's trademark without authorization.

28. Defendants have generated millions of dollars in revenue from the sales of their products labelled or promoted with "BIOS Flashback" or "BIOS Flashback+."

29. The likelihood of consumer confusion is exacerbated by the fact that ASUS and Defendants are competitors within the same industry. As a result of Defendants' unauthorized use of "BIOS Flashback" or "BIOS Flashback+" in connection with marketing, promotion, and sale of their products,

including motherboards, consumers and others are likely to be confused about the source of Defendants' products bearing these marks, and incorrectly infer that these products are from or associated with ASUS.

30. Unless and until restrained and enjoined, Defendants will continue the unlawful and unfair acts complained of herein.

## FIRST CAUSE OF ACTION

### Trademark Infringement: 15 U.S.C. § 1114

31. Plaintiff realleges and incorporates by reference paragraphs 1-30 above as though fully set forth herein.

32. Plaintiff is the owner of the BIOS Flashback Registration.

33. Defendants have used in commerce, without Plaintiff's authorization, marks that are identical to or highly similar as Plaintiff's registered "BIOS Flashback" mark and that, in view of the extremely similar commercial activities of the parties, are likely to cause confusion, mistake, or deception among consumers.

34. As a direct and proximate consequence of Defendants' willful and unauthorized use of Plaintiff's registered "BIOS Flashback" mark, Plaintiff has suffered substantial damages, in an amount to be proved at trial.

35. As a direct and proximate consequence of Defendants' infringement of Plaintiff's registered "BIOS Flashback" mark, Plaintiff has suffered irreparable harm, including impaired value of the mark and loss of the goodwill Plaintiff has acquired in the mark, and will continue to do so unless Defendants' unlawful conduct is enjoined. Accordingly, Plaintiff is entitled to an injunctive relief and an order of destruction of all of Defendants' infringing materials.

36. Because this is an exceptional case involving willful misconduct by Defendants, Plaintiff is also entitled to recover treble damages, treble profits, and attorneys' fees against Defendants.

## SECOND CAUSE OF ACTION

### False Designations of Origin and False Descriptions: 15 U.S.C. § 1125(a)

37. Plaintiff realleges and incorporates by reference paragraphs 1-36 above as though fully set forth herein.

38. Defendants' acts described above, including their willful and unauthorized use in commerce

5

of marks that are identical to or highly similar as Plaintiff's registered "BIOS Flashback" mark, are likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Defendants' goods and services.

39. Defendants' acts described above constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact that are likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Defendants' goods and services.

40. As a direct and proximate consequence of Defendants' willful and unauthorized use of Plaintiff's registered "BIOS Flashback" mark, Plaintiff has suffered substantial damages, in an amount to be proved at trial.

41. Because of Defendants' infringement of Plaintiff's registered "BIOS Flashback" mark, Plaintiff has suffered irreparable harm, including impaired value of the mark and loss of the goodwill Plaintiff has acquired in the mark, and will continue to do so unless Defendants' unlawful conduct is enjoined.

42. As a direct and proximate consequence of Defendants' unlawful conduct, Plaintiff is entitled to an injunctive relief, an order of destruction of all of Defendants' infringing materials, Defendants' profits, Plaintiff's damages, and Plaintiff's costs in prosecuting this action.

43. Because this is an exceptional case involving willful misconduct by Defendants, Plaintiff is also entitled to recover treble damages, treble profits, and attorneys' fees against Defendants.

### THIRD CAUSE OF ACTION

**Unlawful Business Practice:  California Business and Professions Code § 17200**

44. Plaintiff realleges and incorporates by reference paragraphs 1-43 above as though fully set forth herein.

45. Defendants' actions complained of herein are unlawful in violation of California Business and Professions Code § 17200 because they violate the federal Lanham Act, including 15 U.S.C. §§ 1114, 1125(a).

46. Defendants' actions complained of herein are unfair in violation of California Business and Professions Code § 17200 because they significantly threaten and harm competition.

6

47. Defendants' actions complained of herein are fraudulent in violation of California Business and Professions Code § 17200 because they are likely to cause confusion, mistake, or deception among consumers.

48. Plaintiff has suffered injury-in-fact as a result of Defendants' unfair competition in the form of lost sales, actual damages, harm to reputation and goodwill resulting from or related to confusion in the marketplace as to the origin, sponsorship, and approval of Defendants' goods.

49. Defendants' actions complained of herein have irreparably damaged Plaintiff and will continue to do so unless enjoined by the Court.  Accordingly, Plaintiff is entitled to an injunctive relief as well as restitution and disgorgement of Defendants' profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

a) That the Court declare and enter judgment that Defendants have infringed Plaintiff's "BIOS Flashback" trademark in violation of 15 U.S.C. § 1114;

b) That the Court declare and enter judgment that Defendants have made false designation of origin and false description of goods and services in violation of 15 U.S.C. § 1125(a);

c) That the Court declare and enter judgment that Defendants have committed unlawful business practice and unfair competition in violation of California Business and Professions Code § 17200;

d) That the Court preliminarily and permanently enjoin Defendants, their agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity, or participating with them, from doing, abiding, causing, or abetting any direct or indirect use of  Plaintiff's "BIOS Flashback" mark, and any other mark, word, name, social media handle, or domain name that is likely to cause confusion with Plaintiff's "BIOS Flashback" mark;

e) That the Court order Defendants, their agents, employees, subsidiaries, licensees, successors and assigns, and all other person in active concert, privity or participating with them to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, website contents, videos, television advertisements and other electronic

1  forms of data in their possession or control bearing Plaintiff's "BIOS Flashback" mark or any other mark similar thereto;

f) That the Court order Defendants to file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which Defendants and all others enjoined in this action have complied with the terms of the injunction;

g) That the Court order Defendants to account for and pay to Plaintiff treble the amount of all profits derived by Defendants as a result of Defendants' acts alleged in this action;

h) That the Court order Defendants to pay to Plaintiff treble the amount of all damages incurred by Plaintiff as a result of Defendants' acts alleged in this action;

i) That the Court award Plaintiff the costs of this action and reasonable attorneys' fees and disbursements;

j) That the Court award Plaintiff restitution, disgorgement, and further appropriate equitable remedies; and

k) That the Court grant such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 19, 2019                     Respectfully Submitted,


By: __/s/ *David J. Miclean*_____
      David J. Miclean
      Limin Zheng
      MICLEAN GLEASON LLP
      411 Borel Avenue, Suite 310
      San Mateo, CA  94402
      Telephone:  (650) 684-1181
      dmiclean@micleangleason.com
      lzheng@micleangleason.com

      Attorneys for Plaintiff
      ASUSTEK COMPUTER, INC.

8

COMPLAINT